IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| DEMETRI SIMS, *Individual,* § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 9:21-CV-251 |
| § | |
| NACOGDOCHES COUNTY, TEXAS; § | |
| DAVID CRISP, *Individually;* § | |
| TYLER JOHNSON, *Individually* § | |
| § | |
| *Defendants*. | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and the Local Rules for the United States Court for the Eastern District of Texas, United States District Judge Michael J. Truncale referred this matter to the undersigned United States magistrate judge for entry of findings and recommendation on specific motions. Referred and pending before the undersigned are Defendants' Motion to Dismiss for Failure to State a Claim in Response to Plaintiff's First Amended Original Complaint (doc. #10), Defendant David Crisp and Tyler Johnson's Motion for Summary Judgment Based on the Issue of Qualified Immunity (doc. #24), and Plaintiff's First Motion for Leave to File a Late Reply to Defendant's Motion for Summary Judgment on Qualified Immunity (doc. #26). After review, the undersigned recommends granting the motions as set forth below.

**I.  Procedural History and Plaintiff's Claims**

In September 2021, Plaintiff Demetri Sims filed suit against Defendants Nacogdoches County Texas and Nacogdoches County Police Officers David Crisp and Tyler Johnson,

individually. (Doc. #8.) According to the Amended Complaint (the operative document here) Sims alleges that in October 2019, he was unlawfully arrested, and the officers involved used unnecessarily excessive force, assaulted, and choked him. (Doc. #8, at 2-4.) Plaintiff further alleges that the officers falsified the incident report by failing to identify one of the officers involved. (Doc. #8, at 4-5.) Subsequently, according to Sims, Nacogdoches County refused to respond or otherwise identify the unidentified uniformed officer involved, despite his persistent requests. (Doc. #8, at 6-7.) Plaintiff also asserts that while incarcerated and awaiting prosecution of criminal charges, Nacogdoches County retaliated against him for pursuing this pending civil rights case by threatening him with increased jail time if he did not "drop this case." (Doc. #8, at 7.) Plaintiff brings these claims under 42 U.S.C § 1983 seeking actual and punitive damages and injunctive relief claiming violations of the Fourth Amendment for excessive force and Fourteenth Amendment claims for denial of equal protection, racial profiling, falsifying of a police report, refusal to identify the officer, retaliation, and lack of due process.[1] (Doc. #8, at 7-12.)

On November 12, 2021, all three Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. #10.) Plaintiff did not file a response to this motion. Then, on April 12, 2022, Defendants David Crisp and Tyler Johnson filed a motion for summary judgment based on qualified immunity. (Doc. #24.) The motion to dismiss and the motion for summary judgment were referred to the undersigned on May 5, 2022. (Doc. #25.) On June 23, 2022, Plaintiff filed a motion for leave to file a late reply to defendants' motion for summary judgment. (Doc. #26.) This motion was also referred to the undersigned. (Doc. #27.)

---

[1] Plaintiff's Amended Complaint contains other allegations directed at other persons who have not been named as defendants and have not been served. The undersigned does not consider them as proper parties to this suit.

## II. Legal Standards

### A. Rule 12(b)(6)

A motion to dismiss under Federal Rule of Procedure 12(b)(6) challenges the sufficiency of the factual allegations in the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive dismissal under 12(b)(6), the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Twombly*, 550 U.S. at 570). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right above the speculative level." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Supreme Court has confirmed that Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal,* 556 U.S. at 677-78; *Twombly*, 550 U.S. at 555. To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge*, 624 F.3d at 210. However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

**B. Summary Judgment**

Summary judgment should only be granted if the moving party can show that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). This rule places the initial burden on the moving party to identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Stults v. Conoco, Inc.* 76 F.3d 651, 655-56 (5th Cir. 1996) (citations omitted). An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-56 (1986). A fact is material when it is relevant or necessary to the conclusion of the case. *Id.* at 248. The movant's burden is only to point out the absence of evidence supporting the nonmovant's case. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992).

Once the moving party has carried its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party bears the burden of coming forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Liberty Lobby, Inc.*, 477 U.S. at 255. However, the non-movant may not rest on mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial. *Webb v. Cardiothoracic Surgery Assocs. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). The court must consider all the evidence but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation omitted).

Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The party opposing summary judgment is required to identify specific evidence in the record and articulate the precise way that evidence supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak*, 953 F.2d at 915–16 & n.7; FED. R. CIV. P. 56(c)(3) ("the court need consider only the cited materials"). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

### III.   Discussion and Analysis

#### A. Defendants' Motion to Dismiss Pursuant to 12(b)(6)

Defendants Nacogdoches County, David Crisp, and Tyler Johnson move for dismissal of Plaintiff's excessive force, equal protection, and false report pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. #10, at 2.) Based upon Plaintiff's lack of response, the undersigned may find that Plaintiff has abandoned these claims.

*1. Abandonment of Claims*

Plaintiff's lack of response to Defendants' motion to dismiss constitutes an abandonment. "A party's failure to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of those issues at the district court level." *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (affirming that a plaintiff's failure to "defend" her claims against

arguments raised in "the defendant's motion to dismiss … constituted abandonment" of those claims). Further, a party's failure to oppose a motion in the manner prescribed by rule creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion. *See* E.D. TEX. LOCAL RULE CV-7(d); *Frase v. McCormick*, No. 5:19-CV-139, 2020 WL 5665097, at *1 (E.D. Tex. Aug. 17, 2020) ("Plaintiff did not file a response to the motion to dismiss and has thus abandoned his claims"); *Thymes v. Gillman Cos.*, No. H-17-2834, 2018 WL 3025045, at *2 (S.D. Tex. Jun. 18, 2018) (finding that a plaintiff's failure to respond to a defendant's motion to dismiss permitted the court to "dismiss the claims as abandoned.").

    *2. No governmental liability under Monell*

In defense of the County, Defendant directs the court to Supreme Court precedent in *Monell v. Dept. of Soc. Servs. Of City of New York,* 436 U.S. 658, 694 (1978) and argues that that there is no governmental liability based on *respondeat superior* for constitutional violations. The undersigned agrees with Defendant. To assert a plausible claim against a governmental entity under Section 1983, a plaintiff must allege that the entity has an official policy that violates an individual's constitutional rights. *Bryan County v. Brown*, 520 U.S. 397, 400 (1997); *Monell*, 436 U.S. at 691. An "official policy" is defined as a decision, ordinance, policy statement, or regulation that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority. *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984). The official policy must be unconstitutional or, if not, must have been adopted "with deliberate indifference to the known or obvious fact that such constitutional violations would result." *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009).

The "official policy" requirement for government liability applies to the constitutional claims Plaintiff asserts here under either the Fourth or Fourteenth Amendment. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 816-817 (1985). It also applies to any claims Plaintiff brings for prospective relief. *Los Angeles Cnty., Cal., v. Humphries*, 562 U.S. 29, 31 (2010).

In his complaint, Plaintiff fails to articulate an official policy, statement, regulation, or custom adopted and promulgated by Nacogdoches County that was the moving force behind any alleged constitutional violation. As a result, the undersigned recommends that the claims for constitutional violations under the Fourth and Fourteenth Amendments be dismissed. As Plaintiff has failed to file either an amended complaint or a response to the motion to dismiss addressing this pleading deficiency, the undersigned determines that the Plaintiff has abandoned these claims.

   3. *Claims against Officers Johnson and Crisp*

As noted above, Defendants Crisp and Johnson have moved for dismissal under 12(b)(6) and summary judgment on qualified immunity. Arguably, the Plaintiff has abandoned the claims against these Defendants by failing to respond to the motion to dismiss. However, because Defendants moved for summary judgment on the same claims and asserts qualified immunity, the undersigned will address these claims in the motion to for summary judgment

   **B. Defendants David Crisp and Tyler Johnson's Motion for Summary Judgment**

Defendants Crisp and Johnson both move for summary judgment claiming that *Heck v. Humphrey*, 512 U.S. 477 (1994) bars Plaintiff's excessive force claim, and further assert qualified immunity as to all claims against them. (Doc. #24, at 2.)

   1. *Plaintiff's Motion for Leave to file a late Reply*

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56. Rule 56 does not contain a deadline for the response to a motion for summary judgment; however, it

7

directs adherence to the local rule for filing responsive motions. Eastern District of Texas Local Rule CV-7(e) requires a party opposing a motion for summary judgment to file a response within twenty-one days from the date the motion was filed. E.D. TEX. LOC. R. CV-7(e). Defendants filed their motion for summary judgment on April 12, 2022, making Plaintiff's response due on May 12, 2022. Plaintiff did not move for leave to file his response late until June 23, 2022, some 42 days after the deadline.

A court may excuse a late filing upon a showing of excusable neglect for the delay. FED. R. CIV. P. 6(b)(1); *Kitchen v. BASF*, 952 F.3d 247, 254 (5th Cir. 2020). In his motion for leave to file the late response, counsel argues that the late filing is the fault of a briefing attorney ostensibly hired to prepare the response to the motion for summary judgment. (Doc. #26.) The documents supporting this contention, however, are not related to this case, are dated the same date the response was due. (Doc. #26-6, 26-7.) This late filing along with counsel's failure to file a response to the motion to dismiss compels the undersigned to conclude that counsel has not established excusable neglect for the delay. However, as Plaintiff points out, Defendants are not prejudiced by the delay in filing the brief, and the undersigned will not punish Plaintiff for his counsel's failure to respond in a timely matter. Thus, the court will consider the Plaintiff's response in its analysis.

2. *Heck bar*

The undersigned finds the claim for excessive force asserted against Defendants Crisp and Johnson is barred by *Heck v. Humphrey*. The Supreme Court in *Heck* held that:

> [i]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination,

8

>or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. at 486-87. Under *Heck*, this court "must consider whether a judgment in favor of the plaintiff would necessarily imply the validity of his conviction or sentence." *Id.* at 487. If so, then the claim will be barred unless plaintiff proves that his conviction has already been invalidated. *Id.* A judgment revoking Plaintiff's parole was entered on October 18, 2021, after he pled true to the allegation that he intentionally prevented a peace officer from effecting an arrest by use of force against the peace officer. (Docs. #24-8, 24-9.) Therefore, the question is: if Plaintiff prevailed in his claim for excessive force, would such a finding implicate his parole revocation for resisting arrest? *See Little v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995).

Plaintiff responds to the issue of *Heck* by citing *Wallace v. Kato,* 549 U.S. 384 (2007) and arguing that the Supreme Court has held that *Heck* only applies to claims analogous to malicious prosecution. (Doc. #26-1, at 1.) Plaintiff's analysis of *Wallace v. Kato* is incorrect as *Wallace* does not involve a claim for excessive force, nor does the *Wallace* court hold that *Heck* only applies in malicious prosecution cases. Plaintiff does not cite to, nor can the undersigned locate a single Supreme Court opinion addressing holding that *Heck* does not apply in excessive force cases. What the undersigned has located, and the Plaintiff ignores, is a myriad of cases from the Fifth Circuit holding that *Heck* bars excessive force cases such as the one presented by Plaintiff.

In *Price v. City of Bossier*, 841 F. App'x 650, 653 (5th Cir. 2021), the Fifth Circuit explained that *Heck* bars claims brought under § 1983 for excessive force if the excessive force "stems from a single violent encounter." According to the Fifth Circuit, only if the factual basis for the conviction is "temporally and conceptually distinct from the excessive force claims, is the claim not barred by *Heck*." *Price v. City of Bossier*, 41 F. App'x at 653; *Dodds v. City of Yorktown*,

9

656 F. App'x 40, 44 (5th Cir. 2016) (where plaintiff's complaint described a single violent encounter with police preceding his arrest for retaliation against a police officer, the claims were barred under *Heck*); *Ducksworth v. Rook*, 647 F. App'x 383, 386 (5th Cir. 2016) (holding that plaintiff's claims were properly dismissed under *Heck*, where excessive force claims arose from a single violent encounter with police resulting his arrest and conviction for resisting arrest and disorderly conduct, despite plaintiff's allegations that police officers perpetrated an unprovoked attack upon him); *see also Payton v. Normand*, 599 F. App'x 190 (5th Cir. 2015); *Daigre v. City of Waveland, MS*, 549 F. App'x 283, 287 (5th Cir. 2013); *Green v. City of Moss Point, MS*, 495 F. App'x 495, 499-500 (5th Cir. 2012).

Here, Plaintiff's claims of excessive force arise from a single violent encounter with Defendants which was incident to his arrest and ultimate parole revocation for resisting arrest. Indeed, Plaintiff's summary judgment evidence offered in response —the dash cam video and Plaintiff's affidavit— confirm that the arrest and revocation for resisting arrest were not temporally or conceptually distinct from the alleged excessive force. (Docs. #26 -1, 26-2.)

Plaintiff has not argued, nor has he presented evidence that he has been exonerated from his parole revocation for resisting arrest. Without such evidence, or at minimum a genuine issue of material fact as to exoneration, Plaintiff's claim for excessive force is barred. Because *Heck* bars Plaintiff's claims for excessive force, the issue of whether the officers are protected by qualified immunity is moot.

3. *Defendants' Qualified Immunity*

As to Plaintiff's remaining claims of Fourteenth Amendment violations of equal protection and due process, the undersigned finds the Defendants Johnson and Crisp are entitled to qualified immunity. When a defendant invokes qualified immunity, the burden is on the plaintiff to

demonstrate inapplicability. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). Plaintiff failed to bring forth evidence raising a genuine issue of material fact that Defendants' conduct was not objectively reasonable, or that Defendants violated clearly established law. *Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir. 1994).

      a. Equal Protection

Plaintiff asserts that the officers violated his rights to equal protection under the law because he was targeted due to his race. To move past summary judgment on an equal protection claim, the plaintiff must raise a genuine issue of material fact that the officers were motivated by race and that he was treated different from others similarly situated. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 227 (5th Cir. 2012). The Fifth Circuit has also held that "a plaintiff's "subjective belief of discrimination, however genuine, [cannot] be the basis of judicial relief." *Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983). Thus, a plaintiff's "subjective belief that he was discriminated against, standing alone, is not adequate evidence to survive a motion for summary judgment." *Raina v. Veneman*, 152 F. App'x 348, 350 (5th Cir. 2005).

Other than personal supposition, Plaintiff has not offered any evidence creating a genuine issue of material fact that the officers' actions were motivated by race. In his opposing brief, Plaintiff alleges that Johnson must have had racial animus because Johnson's statement that he knew Plaintiff was false. Plaintiff contends that his last encounter with law enforcement was September 2016, and Johnson did not become a deputy until 2018, thereby making Johnson's statement that he knew Plaintiff false. (Doc. 26-1, at 16.) Evidence of Plaintiff's last encounter with law enforcement, however, is not in the summary judgment record. Moreover, this inconsistency, even if true, is not evidence of racial animus. Plaintiff's rank speculation of racial animus is not sufficient to raise a genuine issue of material fact. *Priester v. Lowndes Cty.*, 354

F.3d at 424.  Additionally, Plaintiff has provided no evidence that he was treated differently from other similarly situated individuals.  *Id.*  This is fatal to his equal protection claim.  As Plaintiff has failed to establish that the Officers' actions were in violation of clearly established law or objectively unreasonable, they are entitled to qualified immunity on Plaintiff's equal protection claim.

        b.  Due Process.

Plaintiff also asserts that his due process rights were violated by the filing of a false police report that failed to identify Officer Crisp.  Plaintiff has not raised a genuine issue of material fact on his claim for violation of the due process clause.  Plaintiff's contention that the Officers intentionally falsified the incident report by leaving out references to Officer Crisp is not supported by the summary judgment record.  While Plaintiff focuses on the three-page incident report, the summary judgment record contains the 12-page report, which was issued the day after the incident and clearly identifies Officer Crisp's involvement.  (Doc. #24-4.)

Moreover, Plaintiff has failed to establish or even argue how his constitutional rights were violated by the issuance of the three-page report that failed to reference Officer Crisp.  Plaintiff has failed to raise a genuine issue of material fact that the Officers' actions were objectively unreasonable in light of clearly established law.  The undersigned finds that the Officers are entitled to qualified immunity in connection with Plaintiff's claims for violation of his rights to due process.

**IV.**    **Recommendation**

The undersigned recommends that Defendants' Motion to Dismiss for Failure to State a Claim in Response to Plaintiff's First Amended Original Complaint be **GRANTED** as to Defendant Nacogdoches County.  The undersigned also recommends that granting leave to amend

would be futile.  Plaintiff has abandoned his claim by failing to respond or amend his pleading addressing the arguments in the motion to dismiss, despite ample opportunity to do so.  Thus, the court presumes that he has not done so because he cannot.

The undersigned further recommends that the Motion to Dismiss as to Defendants Johnson and Crisp be **DENIED** as **MOOT**.  *See e.g.*, *King v. Bigler LP*, No. H-10-0580, 2011 WL 1542737, at *8 (S.D. Tex. Apr. 20, 2011) (finding motion to dismiss moot where motion for summary judgment adequately disposed of arguments raised in motion to dismiss); *RPC, Inc. v. Prudhomme*, No. 6:06CV152, 2007 WL 173860, at *2 (E.D. Tex. Jan. 19, 2007) (denying motion to dismiss as moot and granting plaintiff's motion for summary judgment); *Bell v. Dallas Hous. Auth.*, No. 302CV1829L, 2003 WL 2245585, at *11 (N.D. Tex. Sept. 23, 2003) (denying as moot motion to dismiss because arguments therein "[were] subsumed in [the] summary judgment motion").

Further, the undersigned recommends that Defendants David Crisp and Tyler Johnson's Motion for Summary Judgment Based on the Issue of Qualified Immunity be **GRANTED.**

Accordingly, the undersigned recommends that all of Plaintiff's claims be **DISMISSED**, in their entirety with prejudice.

The undersigned will issue a separate order granting Plaintiff's Motion for Leave to File Reply to Defendants' Motion for Summary Judgment, in the interest of fairness.

## V.    Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 18th day of July, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE